Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| BARBARA ILIANA MARTINEZ LUGO<br><br>Parte Apelante<br><br>v.<br><br>PUEBLO INC<br><br>Parte Apelada | TA2026AP00130 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso núm.: GB2024CV01110<br><br>Sobre: Procedimiento Sumario (Ley Núm. 2-1961) y Despido Injustificado (Ley Núm. 80-1976) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2026.

El 9 de febrero de 2026, la señora Bárbara Iliana Martínez Lugo (la señora Martínez Lugo o la apelante) presentó ante nos una *Apelación* en la que solicitó que revoquemos la *Sentencia Final* emitida el 27 de enero de 2026, notificada el 28 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (TPI o foro primario).[1]

En el aludido dictamen, el foro primario emitió una *Sentencia Final* en la que desestimó, sin perjuicio, el caso al amparo de la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA, Ap. V, R. 39.2 (b).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El caso de epígrafe tiene su origen cuando el 23 de diciembre de 2024, la señora Martínez Lugo instó una *Querella*, bajo el procedimiento sumario al amparo de la Ley de Procedimiento

---

[1] Entrada Núm. 9 del caso GB2024CV01110 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

sumario de reclamaciones laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 (Ley Núm. 2-1961), en la que alegó que laboró para Pueblo Inc., (la parte apelada) mediante un contrato de trabajo por tiempo indeterminado, desde el 12 de marzo de 2012 hasta el 1 de mayo de 2024, como Supervisora de Almacén.[2] Argumentó que, fue despedida, sin justa causa, y la parte apelada no le pagó la justa compensación conforme la *Ley de indemnización por despido sin justa causa*, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a, (Ley Núm. 80-1976). Consecuentemente, solicitó que, el foro primario declarara Con Lugar la *Querella*.

Así las cosas, el 7 de enero de 2025, la parte apelada radicó una *Contestación a querella* en la que, negó en su mayoría, las alegaciones contenidas en la *Querella*, y adujo que, la apelante delegó sus funciones laborales a otro empleado sin el consentimiento de la parte apelada.[3] Además, señaló que, la apelante de forma caprichosa no permitió que un empleado acudiera al parto de su hijo, entre otros incidentes con diversos empleados. Indicó que, la señora Martínez Lugo fue sometida a programas de disciplina progresiva con tal de mejorar sus deficiencias y cumpliera con las normas y políticas de la empresa. Ante su patrón de desempeño deficiente que afectaba el buen funcionamiento de la empresa y la normativa, fue despedida. Por tanto, sostuvo que, no procedía la *Querella* interpuesta por la apelante.

Tiempo después, el 28 de enero de 2026, el TPI emitió una Sentencia Final en la que desestimó, sin perjuicio, la causa de acción ante la inactividad del caso conforme la Regla 39.2 (b) de Procedimiento Civil, *supra*, R. 39.2.[4]

---

[2] Entrada Núm. 1 del caso GB2024CV01110 en el SUMAC.
[3] Entrada Núm. 4 del caso GB2024CV01110 en el SUMAC.
[4] Entrada Núm. 9 del caso GB2024CV01110 en el SUMAC.

Inconforme, el 9 de febrero de 2026, la apelante presentó una *Apelación* en la que formuló el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Guaynabo, al desestimar la causa de acción, sin apercibir ni permitirle a la parte demandante expresar las razones por las que no se debía dictar sentencia.

En cumplimiento de *Resolución*, el 11 de marzo de 2026, la parte apelada radicó un *Alegato de la parte apelada en oposición a apelación.*

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nos.

**II.**

La Regla 39.2 (b) de Procedimiento Civil, *supra*, R. 39.2 (b) establece que,

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.
> El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o la Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos.

La desestimación es la sanción más severa que un Tribunal puede imponer. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 720 (2009). El propósito de la desestimación por falta de inactividad tiene el efecto de descongelar los calendarios de los Tribunales y acelerar la litigación. *Banco Popular v. SLG Negrón*, 164 DPR 855, 864 (2005). No obstante, el uso desmesurado de la desestimación puede vulnerar el propósito que persiguen los tribunales, que es impartir justicia. *Sánchez Rodríguez v. Adm. de Corrección, supra*, pág. 722. Consecuentemente, se debe utilizar en casos extremos la acción de desestimar por falta de inactividad. *Íd.* Ahora bien, si la parte incumple con órdenes del Tribunal o no toma alguna acción para activar el caso, entonces los foros judiciales

están facultados para acudir a la severa sanción de desestimar. HRS *Erase, Inc v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 704 (2020).

**III.**

En el caso de autos, la apelante argumentó que, el foro primario erró en desestimar, sin perjuicio, el pleito dado que, previo a desestimar, no le concedió a las partes un término para que esbozaran los motivos por los cuales no debía desestimarse el caso.

Conforme las normas jurídicas pormenorizadas, la Regla 39.2 (b) de Procedimiento Civil, *supra*, R. 39.2 (b), faculta al Tribunal a desestimar por falta de trámite, durante los últimos seis (6) meses, salvo que la inactividad sea por justa causa. Empero, previo a decretar la desestimación, el Tribunal debe concederle a las partes un término de diez (10) días para que expongan sus argumentos por los que no se debería desestimar la causa de acción.

Tras examinar detenidamente el expediente ante nos, atisbamos que, el foro primario incidió en cometer el error señalado por la apelante.

Si bien es cierto que, la Regla 39.2 (b) de Procedimiento Civil, supra, faculta al foro judicial a desestimar por falta de inactividad un pleito, el Tribunal debe cumplir en otorgarle a las partes un término para justificar los motivos por la falta de trámite en el pleito. Ello, obedece a que los Tribunales no deben vulnerar el acceso a la justicia y la economía procesal. Ciertamente, el foro primario no le concedió a la señora Martínez Lugo la oportunidad de exponer las razones por la falta de actividad procesal en el pleito previo a imponer la sanción más severa. En aras de promover la economía procesal, resolvemos que, el TPI no debió desestimar el pleito, sin perjuicio, sin antes concederle una oportunidad a las partes para expresarse sobre la inactividad del pleito.

A la luz de lo esbozado, revocamos la *Sentencia* apelada debido a que el foro a quo no cumplió en concederle a las partes un término para que fundamentaran las razones ante la inactividad procesal del pleito.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones